Opinion
 

 PARAS, Acting P. J.
 

 Plaintiff appeals from an adverse summaiy judgment in her suit for insurance policy benefits and damages.
 

 On May 2, 1973, plaintiff and her husband ordered a Levitt mobile home from Lloyd Korth of El Kay Mobile Homes in Isleton, California. Korth and the Palmanteers flew to the factory in Southern California and placed the order, specifying certain optional equipment, colors, and finishes.
 

 
 *343
 
 On June 2, 1973, the Palmanteers applied to the Bank of Alex Brown for a loan to finance the transaction. On June 4, plaintiff placed an order for “credit life insurance” (Ins. Code, § 779.2, subd. (1)), with CMH Insurance of Stockton, California, asking its representative, Mike Bruen, to place a binder on the order. Bruen promptly informed plaintiff that the loan was covered by defendant.
 

 On June 6, Mr. Palmanteer, who had been suffering from a heart condition, entered Stanford Medical Center for certain tests regarding the extent of the medical problem and the need for surgery. He died on June 7, while undergoing the tests. Subsequently, on July 11, 1973, the loan was funded to plaintiff alone, based upon her individual credit.
 

 Plaintiff concedes that no moneys had been advanced until after her husband’s death, and then only to her; she thus agrees that no credit transaction existed between the bank and Mr. Palmanteer to which the policy of credit life insurance would apply. (See
 
 Klepper
 
 v.
 
 Standard Life Ins. Co.
 
 (1976) 60 Cal.App.3d 470 [131 Cal.Rptr. 519].) But she asserts that “the sole issue at hand, is whether or not a credit transaction, within the scope of Insurance Code section 779.2, existed between [plaintiff] and her husband, as debtors, and Lloyd Korth, doing business as El Kay Mobile Homes, as creditor.”
 

 Insurance Code section 779.2 provides in pertinent part:
 

 “For the purpose of this article:
 

 “(1) ‘Credit life insurance’ means insurance on the life of a debtor pursuant to or in connection with a specific loan or other credit transaction,. . .
 

 “(3) ‘Creditor’ means the lender of money or vendor or lessor of goods, services, property, rights or privileges, for which payment is arranged through a credit transaction ....
 

 “(4) ‘Debtor’ means a borrower of money or a purchaser or lessee of goods, services, property, rights or privileges for which payment is arranged through a credit transaction;
 

 66
 
 99
 

 
 *344
 
 Plaintiff emphasizes that the term “creditor” includes a
 
 vendor
 
 as well as a lender of money, and the term “debtor” includes a
 
 purchaser
 
 as well as a borrower of money. She then relies on Insurance Code section 779.5, which states in pertinent part:
 

 “The term of any credit life insurance or credit disability insurance shall, subject to acceptance by the insurer, commence on the date when the debtor becomes obligated to the creditor or the date the debtor applies for such insurance, whichever is later,. . .”
 

 Plaintiff thereby argues that at the time she and her husband placed the order for the mobile home, they became obligated to Lloyd Korth, as creditor; thus the term of the credit life insurance policy would have begun on June 4, the date she sought the insurance.
 

 Plaintiff concedes that Insurance Code section 779.2, subdivision (1), requires that the insurance must be “. . . pursuant to or in connection with a specific loan or
 
 other credit transaction. . .
 
 .” (Italics added.) But she argues that . . there were, in fact, two credit transactions: The first one being credit extended to [plaintill] and her husband by El Kay Mobile Homes from the time of purchase until actual funding was received from the Bank of Alex Brown; and, the second being the actual financing itself from the Bank of Alex Brown . . . .”
 

 The term “credit transaction” is not specially defined by the Insurance Code. In the context of the phrase “. . . loan or
 
 other
 
 credit transaction” however, it clearly requires the extension of credit. Plaintiff admits that Korth contemplated only a cash transaction, but argues that until he was actually paid, he was in fact extending credit.
 

 This is not true. Deliveiy of the mobile home was a condition precedent to the obligation to pay; i.e., the Palmanteers were not obligated to pay for the mobile home until its delivery. Until then they owed Korth nothing, and therefore it cannot be said that he extended any interim credit to them. Plaintiff maintains that Korth risked being left with the mobile home and having to sue for damages if the Palmanteers failed to obtain financing. This may be so, but there still was no extension of credit; a potential liability for breach of contract and an extension of credit are not the same.
 

 Our conclusion is consistent with cases interpreting the term “credit transaction” for purposes of the Federal Truth in Lending Act, 15 United
 
 *345
 
 States Code Annotated section 1601 et seq. (See
 
 Vines
 
 v.
 
 Hodges
 
 (D.D.C. 1976) 422 F.Supp. 1292, 1297;
 
 Fenton
 
 v.
 
 Citizens Savings Association
 
 (C.D.Mo. 1975) 400 F.Supp. 874, 879;
 
 In re Helms Veneer Corporation
 
 (W.D.Va. 1968) 287 F.Supp. 840, 843.)
 

 The judgment is affirmed.
 

 Evans, J., and Reynoso, J., concurred.
 

 A petition for a rehearing was denied July 25, 1978, and appellant’s petition for a hearing by the Supreme Court was denied August 24, 1978.